IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,540-01






EX PARTE JAMAAL LAROME GREEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. FR 64040-A IN THE 426TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to sixty years' imprisonment. The Third Court of Appeals affirmed his
conviction. Green v. State, No. 03-09-00718-CR (Tex. App. - Austin, October 8, 2010).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition pro se for discretionary review. Appellate counsel has provided an affidavit in
response to Applicant's allegations, in which he states that he timely sent Applicant a letter
informing him of the court of appeals' decision and advising him of his right to file a pro se PDR. 
The trial court refuses to speculate on whether appellate counsel rendered effective assistance,
because the record is unclear as to whether notification was sent and not received, or whether it was
never sent. Nevertheless, the trial court recommends granting Applicant an out-of-time PDR. 

 In these circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain copies of the mail logs from the French Robertson Unit from October 8,
2010 until November 7, 2010, showing whether or not Applicant received any incoming mail from
appellate counsel during that period. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
timely received appellate counsel's letter informing him that his conviction had been affirmed and
that he had a right to file a pro se petition for discretionary review. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 5, 2012

Do not publish